IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Agyei, | : | Case No. 1:26-cv-636 |
| | : | |
| Petitioner, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Denying Petitions for Writ of |
| | : | Habeas Corpus and Motions for |
| Warden, Monroe County Jail, *et al.* | : | Emergency Temporary Restraining Order |
| | : | and Preliminary Injunction |
| Respondents. | : | |

Petitioner Richard Agyei, a citizen of Ghana who is proceeding *pro se*, has filed two Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Habeas Petitions") and two Motions for Emergency Temporary Restraining Order and Preliminary Injunction ("TRO Motions") challenging his detention and an immigration order.  (Docs. 1, 2, 8, 9.)[1]  Respondents filed a Response in opposition.  (Doc. 12.)  District courts have limited jurisdiction and authority in immigration cases.  Because Agyei agreed to a voluntary departure, this Court cannot grant the relief that Agyei seeks.  The Court will **DENY** his Habeas Petitions and TRO Motions.

I.      **BACKGROUND**

A.      **Immigration History**

Agyei asserts that he entered the United States in February 2024 on a student visa.  (Doc. 12-2 at PageID 114.)  He married a United States citizen, Weenmine Mathurin, on December 18, 2025.  (Doc. 13 at PageID 159–161.)  Mathurin is pregnant and expecting their child in September 2026.  (Doc. 12-2 at PageID 114; Doc. 13 at PageID 147.)  Mathurin filed a U.S. Customs and Immigration Services Form I-130, Petition for an Alien Relative, in or about March 2026 on Agyei's behalf to try to help him establish lawful residence.  (Doc. 13 at PageID 184.)

---

[1]  Agyei was represented by counsel in at least some of the immigration proceedings.

1

Agyei asserts that he has no criminal history.  (Doc. 1 at PageID 7; Doc. 13 at PageID 151.)

Agyei was placed in immigration detention at the Butler County Correctional Complex in Ohio on February 4, 2026.  (Doc. 1 at PageID 5; Doc. 12-2 at PageID 113.)  The Department of Homeland Security ("DHS") served him with a Notice to Appear in removal proceedings under the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, on March 6, 2026.  (Doc. 12-3 at PageID 116.)  He was charged with failing to comply with the terms of his student visa in violation of INA § 237(a)(1)(C)(1), 8 U.S.C. § 1227(a)(1)(C)(1), by "not carry[ing] a full course of study from February 2024 to February 2026."  (*Id.*)

Agyei asked for and received a bond hearing on February 24, 2026, but Immigration Judge ("IJ") Jennifer Reidthaler-Williams denied bond on the basis that he was a flight risk. (Doc. 12-5 at PageID 124–125.)  On an unspecified date, Agyei was transferred to a Monroe County, Michigan jail.  He requested and was given a second bond hearing on April 15, 2026. (Docs. 12-7, 12-8.)  IJ Mark Jebson denied bond stating that Agyei had not shown a material change in circumstances since his first bond hearing.  (Doc. 12-8 at PageID 138–139.)

On April 21, 2026, IJ Jebson issued an Order in Agyei's removal proceedings.  IJ Jebson stated that Agyei had applied "for voluntary departure in lieu of removal and [had] waived appeal of all issues."  (Doc. 12-9 at PageID 140.)  He ordered that Agyei be granted voluntary departure under INA § 240B(a), 8 U.S.C. § 1229c(a), "on or before 5/21/2026, or any extensions as may be granted by [DHS], and under any other conditions DHS may direct."  (*Id.*)  He further ordered that voluntary departure be granted "Under Safeguards."  (*Id.*)  Finally, held that an alternative order of removal would take effect if Agyei did not voluntarily depart:

> It is FURTHER ORDERED that if any of the above-ordered conditions are not met as required or if the [Petitioner] fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or

> proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective:
> the [Petitioner] shall be removed to Ghana on the charge(s) set forth in the Notice to Appear.

(*Id.*) The Court will refer to this April 21, 2025 Order as the Departure/Removal Order.

Agyei waived his right to appeal the Departure/Removal Order. (*Id.* at PageID 142.) Nonetheless, he asserts that he sent a letter to the Board of Immigration Appeals ("BIA") purporting to appeal the Departure/Removal Order on May 13, 2025. (Doc. 2 at PageID 13–14.) On May 15, 2025, he received notice from the Department of Justice that his purported appeal to the BIA was being returned to him without further consideration. (Doc. 8 at PageID 67.)

On June 11, 2026, Agyei was transferred back to the Butler County Correctional Complex. (Doc. 12-11 at PageID 144.) He is still detained there. United States Immigration and Customs Enforcement, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last viewed 7/14/2026).

**B.      Procedural Posture**

Agyei filed his initial Habeas Petition and TRO Motion in the Eastern District of Michigan on June 12, 2026. (Docs. 1, 2.) He requested an immediate release from detention, a preliminary injunction to bar his removal, and an order not to be transferred from the Michigan jail while his case was pending. (Doc. 1 at PageID 8.) Judge Shalina D. Kumar issued an Order on June 12, 2026 granting in part the TRO Motion insofar as she ordered that Agyei not be removed from the jurisdiction until further order. (Doc. 5 at PageID 34.) However, she later learned that ICE already had transferred Agyei back to Ohio. (Doc. 14 at PageID 192.)

Agyei then filed his second Habeas Petition and TRO Motion on June 16, 2026 again asking for release and for an injunction barring his immediate departure. (Docs. 8–9.) Respondents filed their Response in Opposition to the Habeas Petitions and TRO Motions on

3

June 24, 2026. Judge Kumar transferred the case to the Southern District of Ohio on June 29, 2026. (Doc. 14.)

## II.     LAW AND ANALYSIS

Agyei asks for immediate release in his Habeas Petitions on the basis that he was denied due process at both bond hearings in immigration court because the IJs put the burden of persuasion on him to prove he was not a flight risk. Whether or not his argument is correct, the Court cannot grant him habeas relief on that basis because he is no longer entitled to a bond hearing under 8 U.S.C. § 1226(a). Section 1226(a) applies when a non-citizen alien is "arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). It authorizes the Attorney General to "continue to detain the arrested alien" or to "release the alien on . . . bond of at least $1,500." 8 U.S.C. § 1226(a)(1)&(2)(A). However, § 1226(a) no longer governs Agyei's detention. He is not awaiting a decision on removal—a predicate for § 1226(a)—because the Departure/Removal Order states that he agreed to a voluntary departure and to waive appeal. (Doc. 12-9 at PageID 140–142.)

A voluntary departure order under 8 U.S.C. § 1229c "terminate[s] any removal proceedings such that [a petitioner] is no longer awaiting a decision on removal and his challenge to detention under § 1226(a) is moot." *Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't*, No. 4:25 CV 2802, 2026 WL 1166493, at *1 (N.D. Ohio Apr. 29, 2026). Other district courts agree that a petitioner is no longer entitled to a bond hearing under § 1226(a) after a voluntary departure order is issued. *See, e.g., Damian v. Warden*, No. 1:26-CV-04288-DAD-CKD (HC), 2026 WL 1747043, at *1 (E.D. Cal. June 16, 2026) (finding that after an order for voluntary departure is entered, the petitioner is no longer subject to § 1226(a) and he is "not likely to succeed on the merits of his claim that his detention without a bond hearing violates due

4

process"); *Ndong v. Oddo*, No. 3:26-CV-901, 2026 WL 1660100, at *2 (W.D. Pa. June 9, 2026) (holding that a petitioner subject to a voluntary departure "falls outside the purview of 8 U.S.C. § 1226(a)" and is "neither entitled to a bond hearing or otherwise releasable"); *Rodriguez-Rodriguez v. Raycraft*, No. 3:26-CV-667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026) (finding habeas proceedings for a bond hearing under § 1226(a) to be moot after a voluntary departure order).  For that reason, the Court cannot order that Agyei be released on the basis that he is being improperly held under § 1226(a).

Agyei also requests that the Court bar enforcement of the Departure/Removal Order.  He argues that he "accepted the voluntary departure only because the court refused to continue [his] proceedings."  (Doc. 2 at PageID 18.)  Although the Court is sympathetic to Agyei's plight, it cannot grant him this relief.  Agyei expressly waived his right to appeal the Departure/Removal Order.  (Doc. 12-9 at PageID 142.)  Additionally, a district court is barred by statute from staying or reviewing a voluntary departure order.  *See* 8 U.S.C. § 1229c(f) ("No court shall . . . order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure."); 8 U.S.C. § 1252(a)(2)(B)(i) (stating that no court has jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229c"); *see also Giraldo v. Holder*, 654 F.3d 609, 616 (6th Cir. 2011) (stating that § 1252 "expressly abolished our authority to review discretionary grants and denials of voluntary departure").

The initial deadline set for Agyei's voluntary departure has passed.  By the terms of the Departure/Removal Order, the order of voluntary departure automatically converted to a final order of removal if DHS did not grant an extension of the voluntary departure date.  (Doc. 12-9 at PageID 140.)  Only federal appellate courts have jurisdiction to hear challenges to removal orders.  "Notwithstanding any other provision of law . . . including section 2241 of Title 28, . . . a

petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."  8 U.S.C. § 1252(a)(5).  Therefore, this Court cannot bar enforcement of the Departure/Removal Order whether it is operating as a voluntary departure order or a final order of removal.

## III.    CONCLUSION

For the reasons above, Agyei's Habeas Petitions (Docs. 1, 8) and TRO Motions (Docs. 2, 9) are **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

6